*Storer* now moved that execution be stayed until the plaintiff assigned his interest in the note in suit at New Orleans to the defendants.

*N. Wright,* contra.

COURT. The motion is overruled. The defendants are left to pursue their claim to the plaintiff's interest, as *abandoned* to them, or their claim to subrogation to his rights, as they may be advised.

------

## HARRIS v. THE OHIO INSURANCE COMPANY.

Insurance—other policies—notice—sixth clause of Ohio Insurance policy.

Where there is a clause in the policy of insurance, that if other insurance is effected on the same risk, the insured would give notice to be endorsed on the policy, he must prove that he gave such notice of subsequent policies, or he cannot recover.

The sixth clause in the policy of the Ohio Insurance Company construed.

COVENANT on a policy of insurance on dry goods against fire for five months from August, 1829.

Plea. That the plaintiff effected another insurance on the same interest, and gave no notice to the defendants.

The sixth clause of the policy is, 'That persons insuring property at this office must give notice of any other insurance made on their behalf on the same, and cause such other insurance to be endorsed on the policy: in which case each office shall be liable to the payment of a rateable proportion of any loss or damage which may be sustained. And unless such notice is given, the insured will not be entitled to recover in case of loss.'

In the progress of the case, a deposition of one of the plaintiffs, (they having assigned all their interest to trustees for the benefit of their creditors,) was offered in evidence.

*Hammond,* objected.

LANE, J. The plaintiffs are liable for costs, and incompetent to testify. The interest cannot be released by any one pursuing the interest.

*Storer* and *Fox* for plaintiff to the jury.

[*Wood v. Bates.*]

*Hammond,* contra, insisted that the onus of proving the notice of other insurance was upon the plaintiff.

LANE, J. to the jury. The policy of insurance is the contract of the parties. They had a right to settle its terms, and they have agreed that if any other insurance is effected on the goods, the insured shall give notice to the defendants, or otherwise not call on them to pay. It is incumbent on the plaintiffs to prove to your satisfaction that they gave the defendants notice of the other insurances, there being no dispute but other insurances were effected; if the evidence satisfies you that notice was given, your verdict should be for the plaintiffs, but if notice was not given, you should find for the defendants.

Verdict for the defendants.